320 So.2d 276 (1975)
EDDIE'S HARDWARE, INC.
v.
Orlando J. RAGO d/b/a R & M Delivery Service.
No. 7006.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Daniel A. McGovern, IV, New Orleans, for plaintiff-appellee.
Foster J. Johnson, Jr., New Orleans, for defendant-appellant.
Before LEMMON, STOULIG and SCHOTT, JJ.
LEMMON, Judge.
Orlando J. Rago has appealed from a judgment rendered by default in this suit on an open account.
Plaintiff's petition alleged that it sold and delivered merchandise to defendant as listed on ten charge tickets attached to the petition. The tickets, made out either to R & M Delivery Service, R & M Delivery Company, R & M Trucking, or R & M Transport, were signed by various persons, with three of the tickets bearing the signature of "O. J. Rago".
As evidence in support of its claim, plaintiff filed only an affidavit of correctness of account, which stated that affiant "is familiar and well acquainted with the account of R & M Delivery defendant in the above captioned case; that the true *277 and correct amount owed to plaintiff on said note by the above named defendant is $112.20 plus interest and attorney's fees as prayed for; all subject to a credit of $0." (Emphasis supplied)
Rago filed an application for new trial and now requests a remand in this appeal, seeking an opportunity to prove that the purchases were made by a corporation, R & M Delivery, Inc., and that he was not individually liable. An appeal from a default judgment, however, does not lie for the purposes Rago seeks. In reviewing a default judgment, the appellate court is restricted to the determination of the sufficiency of the evidence offered in support of the judgment.
C.C.P. art. 1702, requiring generally that a judgment of default must be confirmed by proof sufficient to establish a prima facie case, also provides as to open accounts that an affidavit of the correctness of the account shall be prima facie proof. The affidavit in the present case, however, does not even mention Orlando J. Rago, the person named defendant in these proceedings. Neither does the affidavit nor any other evidence provide any basis for holding Rago responsible for the debts of R & M Delivery.
While it appears from the record that defendant was served with the petition and had the opportunity to deny the allegations, a plaintiff in order to confirm a default judgment must nevertheless produce proof of the claim against the party sued. We hold plaintiff's proof in this case does not support the judgment rendered against Orlando J. Rago.
Accordingly, the judgment of the trial court is set aside, and the case is remanded. Defendant is allowed ten days, from the date this judgment becomes final, to file responsive pleadings. Assessment of costs will await final disposition of the case.
Judgment set aside, case remanded.