WICKER, Judge.
First Financial of Louisiana Savings and Loan Association appeals a ruling which vacates its default judgment against Beverly Kraft and which grants her a new trial. We set aside the default judgment and remand for further proceedings.
Charles A. Kraft, Sr. purchased a car from Lousteau Auto Sales, Inc. on credit secured by a chattel mortgage on the car. He signed a promissory note payable to bearer in the amount of $8,457.48 on June 3, 1986. Nothing in the installment contract or note mentions his wife, Beverly Kraft; and she signed neither. The note was assigned to First Financial.
The note allegedly went into default; and First Financial sued Charles Kraft and his wife alleging that both Charles and Beverly Kraft were liable on the note and that the debt incurred was a community debt. The installment contract and note were attached to the petition. Beverly Kraft was personally served, and Charles Kraft was served by leaving a copy of the petition with his roommate. A note on the return indicates that the sheriff was told that Beverly and Charles were separated and that Charles lived with a man he worked with at Lousteau Ford.
First Financial took a default judgment against Beverly Kraft. It submitted affidavits which attested that (1) First Financial was the “holder and owner of a promissory note made and executed by Charles A. Kraft and Beverly Kraft, dated June 3, 1986, in the amount of $8,457.48; and that there is a present principal balance due on said note of $8,907.11” and (2) that the Deputy Clerk of Court had examined the record which included a sheriff’s return showing personal service to Charles A. Kraft, Sr. and Beverly Kraft.
The judgment was rendered on February 19, 1987; the notice of judgment was served on Beverly and Charles Kraft on February 24, 1987; and Beverly Kraft moved for a new trial on March 4, 1987. The basis for the new trial request was that Beverly Kraft was not a maker of the promissory note and “Louisiana Statutory and jurisprudential law states that only those persons whose signatures appear on a note may be sued on said note.” After hearing, the judge granted the new trial, found that “Plaintiff’s own evidence does not reflect an obligation by the Mover, Beverly Kraft”, and vacated the judgment against her.
First Financial took writs to this court (87-C-690), which ultimately converted the writ application to an appeal. We recognized that the motion for a new trial was untimely; “however, we construe the motion for a new trial as an action for nullity of the judgment allegedly obtained by fraud or ill practices. L.S.A.C.C.P. art. 2004.”
Now that we have the entire record before us, we find that the default judgment fails for lack of sufficient proof of First Financial’s demands.
To confirm its default judgment, First Financial was required to show “proof of *933 the demand sufficient to establish a prima facie case.” La.C.Civ.P. art. 1702. An affidavit of correctness is sufficient to constitute such proof where the suit is based on a promissory note.
First Financial’s allegations were that (1) Charles and Beverly Kraft were indebted to it; (2) Charles Kraft made and executed the note on behalf of the community; (3) two installments of the note were in default; (4) the amount of indebtedness was $8,907.11. The affidavit in support of the default judgment failed to aver that Charles Kraft made and executed the note on behalf of the community. Instead, it swore that Beverly Kraft was a co-maker on the note; and this averment is clearly not true. As the trial judge noted, First Financial’s own evidence failed to show that Beverly Kraft was an obligor on the note.
In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant.
Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277, 1278 (La.App.1st Cir.1977). Accord: Eddie’s Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1975).
We hold that First Financial’s proof in this case does not support the judgment against Beverly Kraft. The judgment of the trial court which confirmed a default is set aside, and the case is remanded. Beverly Kraft is allowed ten days from the date this judgment becomes final to file responsive pleadings.
JUDGMENT SET ASIDE, CASE REMANDED.