550 So.2d 939 (1989)
Steven J. CHARIA
v.
Charles MUNGOVEN.
No. 89-CA-221.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
*940 Craig J. Hattier, New Orleans, for defendant-appellant.
Steven T. Richard, Metairie, for plaintiff-appellee.
Before CHEHARDY, C.J., and DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
Defendant, Charles Mungoven, appeals from a default judgment rendered against him in a suit for breach of a lease agreement. Plaintiff in the case is lessor, Steven J. Charia.
On appeal defendant first urges this court to reverse and annul the judgment based on LSA-C.C.P. art. 2002(2), which provides for annulment of an invalid default judgment. Defendant secondly asserts the judgment should be annulled for ill practices within the meaning of LSA-C. C.P. art. 2004.
The parties herein executed a residential lease agreement on October 1, 1986. On September 20, 1988, plaintiff filed this suit alleging defendant abandoned the premises without proper notice under the lease agreement, causing defendant to suffer damages in the amount of $5,125.30. The damages allegedly sustained by plaintiff consisted of plaintiff's inability to lease the premises for five months and for the repairs which had to be made following defendant's departure.
In response to the suit, defendant filed a motion for a 30-day extension of time in which to file his answer. The motion was granted by the trial judge; however, no answer was subsequently filed. Consequently, on January 3, 1989, plaintiff filed a motion for a default judgment, which was confirmed on January 23, 1989.
On appeal defendant contends that the judgment is invalid and subject to annulment under LSA-C.C.P. art. 2002(2)first, because plaintiff failed to comply with the procedural requisites for confirmation of a default judgment as provided in LSA-C. C.P. arts. 1701, 1702 and 1702.1. In particular he asserts plaintiff neglected to attach a certification and statement by the clerk that the record was examined by the clerk on a certain date and that no answer or opposition had been filed, as required by LSA-C.C.P. art. 1702.1(B).
Secondly, defendant asserts the judgment is invalid and subject to annulment because plaintiff failed to establish a prima facie case as required by LSA-C.C.P. art. 1702. In this regard defendant argues the affidavit submitted as evidence of plaintiff's allegations was not notarized; lacks any assertions concerning the alleged lease and its relationship to the issue; and fails *941 to include proof of the defendant's signature.
LSA-C.C.P. art. 2002 provides for the annulment of judgment for vices of form. Included in its provisions is the right to annul an invalid default judgment. The action for nullity under these provisions may be asserted collaterally, or at any time, unlike the action for nullity based on vices of substance found in LSA-C.C.P. art. 2004. Thus we may address the issues presented by defendant insofar as they relate to LSA-C.C.P. art. 2002, but are precluded from addressing the defendant's complaints related to "fraud or ill practice" under LSA-C.C.P. art. 2004. The latter must be brought as a direct action and not as an appeal. LSA-C.C.P. art. 2004, Comment D; State v. Minniefield, 467 So.2d 1198 (La.App. 2 Cir.1985).
In order to be entitled to a default judgment, certain procedural requirements must be met by plaintiff as provided in LSA-C.C.P. arts. 1701 et seq. Where a conventional obligation is at issue, plaintiff must submit to the court the proof as required by law and the original and one copy of the proposed judgment. LSA-C.C.P. art. 1702(C). In addition, LSA-C.C.P. art. 1702.1 requires, inter alia, the inclusion of an itemized form of a certification that the suit is on a conventional obligation (or open account, promissory note or other negotiable instrument), the date and type of service made on defendant, and the date the preliminary default was entered. A certification by the clerk that the record was examined by the clerk on a certain stated date and a statement by the clerk that no answer or opposition had been filed must be provided by plaintiff as well. The language used in the codal article is mandatory, thus, the failure to provide the required documentation has been held to be fatal to confirmation of a default judgment. American Tempering, Inc. v. Crasto Glass, 487 So.2d 116 (La.App. 4 Cir.1986).
Substantively, LSA-C.C.P. art. 1702 states the judgment by default may only be confirmed by "proof of the demand sufficient to establish a prima facie case." According to the jurisprudence, a prima facie case is established by proof of the essential elements of plaintiff's claim, by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. First Fin. of La. Sav. & Loan v. Kraft, 532 So.2d 931 (La.App. 5 Cir.1988); Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1 Cir. 1977). In this regard, when the demand involves a conventional obligation as is involved here, proof may be by affidavit and/or exhibits and those items of evidence are considered self-authenticating and sufficient. LSA-C.C.P. art. 1702(B)(1). However, when the demand involves a non-negotiable instrument or document, the jurisprudence holds proof of the signatures is required, based on an inverse reading of LSA-C.C.P. art. 1702(B)(3). Premier Brands, Inc. v. Martiny, 377 So.2d 864 (La.App. 4 Cir.1979) (personal guarantee); LaFitte, Etc. v. Robert Bros. Homes, Inc., 411 So.2d 1120 (La.App. 4 Cir.1982) (personal guarantee); Dunaway v. Woods, 470 So.2d 574 (La.App. 1 Cir.1985) (purchase agreement).
In this case, the record reflects the absence of the clerk's certificate required by LSA-C.C.P. art. 1702.1, the absence of the notary's signature on the affidavit asserting the correctness of the debt, and the absence of proof of defendant's signature. As a result, the documentation offered in support of the judgment by default fails to meet the procedural requirements of LSA-C. C.P. art. 1702.1, as well as the evidentiary proof of LSA-C.C.P. art. 1702(A). (We point out the case was decided without a hearing in open court solely on the record. Thus, the legal presumption that the judgment is presumed to have been based on sufficient evidence when no transcript or note of evidence is provided by defendant is inapplicable as the record reflects the contrary. Cavalier v. Nelson, 532 So.2d 899 (La.App. 5 Cir.1988)).
Accordingly, the trial court judgment by default is hereby annulled, vacated and set aside, and the case is remanded for further proceedings. Costs of this appeal are to be paid by appellee.
*942 JUDGMENT ANNULLED, VACATED AND SET ASIDE; AND CASE REMANDED.