586 So.2d 656 (1991)
J. Kendrick HOLLIS
v.
Michael A. NORTON.
No. 91-CA-156.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1991.
*657 D. Michael Dendy, Anne Lacour Neeb, Gretna, for plaintiff/appellee (Hollis).
David L. Colvin, Lauren M. Miller, Gretna, for defendant/appellant (Norton).
Ernest E. Barrow, II, Gretna, for plaintiff/appellee (Linda J. Nugent).
Before WICKER and GOTHARD, JJ., and FINK, J. Pro Tem.
GOTHARD, Judge.
Defendant appeals the confirmation of a default judgment entered against him in a suit on a note. We vacate the default judgment and remand for further proceedings.
On February 9, 1990 plaintiff, J. Kendrick Hollis, filed a petition for sums due on a note. In that petition plaintiff asserts that he is the holder in pledge of a promissory note made payable "to the order of Lynda J. Nugent and Oscar Lee Nugent" in the amount of sixty-four thousand dollars with an interest rate of 1½% over Chase Manhattan Prime. There were no exhibits attached to the petition. Defendant failed to answer and a preliminary default in favor of plaintiff was entered on September 19, 1990. On October 9, 1990 the default was confirmed after the plaintiff offered a copy of the note and an affidavit into evidence. There is no indication on the copy of the note that it was endorsed in favor of plaintiff. In the affidavit plaintiff merely asserts he is the holder of the note and that the original note is lost.
On appeal, the defendant contends the judgment is invalid for two reasons. Initially, he argues that plaintiff failed to make the prima facie case required by C.C.P. art. 1702. In this regard, defendant points out that the original note was not introduced into evidence and plaintiff offered no proof of the loss of the note sufficient to satisfy the requirements of LSA-R.S. 13:3741. Further, there is no proof of an endorsement or pledge in favor of plaintiff which would entitle him to sue on the note.
C.C.P. art. 1702 states that the judgment of default may only be confirmed by "proof of the demand sufficient to establish a prima facie case." Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir. 1989). To establish a prima facie case a plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Charia v. Mungoven, supra. An affidavit of correctness is sufficient to constitute such proof where the suit is based on a promissory note. First Fin. of La. Sav. & Loan v. Kraft, 532 So.2d 931 (La.App. 5th Cir.1988).
Plaintiff's affidavit, in pertinent part, merely states that he is the holder for valuable consideration of "one certain promissory note in the amount of $64,000.00 made by Michael A. Norton on November 24, 1986 bearing interest at the rate of 1½% over Chase Manhattan Prime from date until paid." The document further avers that the original note is lost. There is neither mention of the owners of the note on its face nor the pledge alleged in the petition.
LSA-R.S. 10:1-201(20) defines holder as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued, or indorsed to him or his order or to bearer or in blank." Negotiation is the process by which the transferee of an instrument becomes a holder. Thompson v. H. & S. Packing Co., Inc., 540 So.2d 371 (La.App. 1st Cir.1989). LSA-R.S. 10:3-202(1) provides that, "If the instrument is payable to order it is negotiated by delivery with any necessary endorsement." If an instrument is negotiated pursuant to R.S. 10:3-202(1) the transferee becomes the holder. Quantum Supplies v. Bank of the South, 544 So.2d 1 (La.App. 1st Cir.1989) writ den. 550 So.2d 653 (La.1989). If the face of the instrument indicates title is in any person other than the possessor, the burden is on the possessor to prove his ownership. Failure to prove a valid transfer results in a loss of the right to sue on a note. N.E. *658 England Associates, Inc. v. Davis, 333 So.2d 696 (La.App. 4th Cir.1976).
In the instant case, plaintiff has merely shown that he is in possession of a copy of an unendorsed promissory note made payable to the order of a third party. We do not find that sufficient evidence to support a prima facie case that he is entitled to sue on the note.
The defendant also argues that the default judgment is invalid as it fails to meet the procedural requirements of C.C.P. art. 1702.1. That article requires that a clerk's certification that the record was examined to verify that no answer or other opposition was filed in addition to a certification by the plaintiff which indicates "the type of service made on the defendant, the date of service, and the date a preliminary default was entered", be included in the record. Neither of these requirements was met by the plaintiff.
The requirements of art. 1702.1 are mandatory and a plaintiff's failure to comply to these requirements is fatal to his action. Charia v. Mungoven, supra. American Tempering, Inc. v. Crasto Glass, 487 So.2d 116 (La.App. 4th Cir.1986).
For the foregoing reasons we vacate the trial court's judgment of confirmation of default. The matter is remanded for further proceedings. All costs of this appeal are to be paid by plaintiff.
VACATED AND REMANDED.