[ ]WICKER, Judge.
This appeal arises from a default judgment rendered by a trial judge in the Second Parish Court for the Parish of Jefferson. The trial judge granted judgment on May 17, 1993 in favor of plaintiffiappellee, Universal Furniture House, Inc., against defendant/appellant, Jesse Clarence Brown, Jr. in the amount of $531.50, plus interest and attorney’s fees together with the recognition of a privilege and vendor’s lien on the merchandise sued on. However, the merchandise is not listed in the judgment. Brown now appeals. We annul, vacate, and set aside the default judgment and remand.
On appeal Brown specifies as errors the following: (1) the certification by the clerk on May 12, 1993 that no responsive pleadings had been filed when that date was the last date for filing such pleadings; (2) the failure to take a preliminary default prior to the default being taken, and (3) the failure to establish a prima facie showing in accordance with La.C.Civ.P. arts. 1702.1 and 4904.
Since we find a failure to establish a prima facie ease by producing relevant and competent evidence as required by La.C.Civ.P. art. 4904 we pretermit a discussion of the remaining issues raised.
This default judgment was taken in Second Parish Court. La.C.Civ.P. art. 4904 sets forth the procedure for taking a default in a parish and city court as follows:
A. In suits in a parish or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
|2B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
In parish court no prior default is needed in order to take a default judgment for failure to answer timely. La.C.Civ.P. art. 4904(B). In this case Brown was granted an extension of 30 days or until May 10, 1993 to file responsive pleadings. On May 12, 1993 the clerk certified no responsive pleadings had been filed. That certification was contained on a document labeled “Certification of Attorney” which was filed on May 12, 1993. The certification by the attorney was a certification that the suit is not on an open account or promissory note but rather on another instrument. It indicated that “The *642 sales eontract(s), ledger card(s) and affidavit of correctness are attached.”
Our review of the record, however, indi-' cates that the only document attached to the attorney’s certification was a document entitled “AFFIDAVIT OF CORRECTNESS OF ACCOUNT AND/OR NOTE AND NONMILITARY SERVICE.” We note that on April 28, 1994 the record was supplemented in this court with two documents. One of these is labeled “DISCLOSURE STATEMENT” and the second is labeled “INSTALLMENT ACCOUNT.” These two documents were filed into the lower court’s record on March 29,1993 and therefore could not |3have been attached to the attorney’s certification dated May 12, 1993. Moreover, even assuming these documents had been attached to the certification these documents do not establish a prima facie case that Brown owes the amount claimed.
The “Disclosure Statement” lists Brown as a buyer and has a signature line for indicating the party has received a copy of the statement providing for 12 monthly payments of $53.15 each. The signature is not readable and there is no proof that the signature, even if it purports to be the ac-knowledgement of a debt, is Brown’s signature.
We have held that:
When the demand involves a non-negotiable instrument or document, the jurisprudence holds proof of the signature is required, based on an inverse reading of LSA-C.C.P. art. 1702(B)(3).
Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir.1989) at 941.
The reasoning in Charia applies to La. C.Civ.P. art. 4904 as well. La.C.Civ.P. art. 4904(B) states:
When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
The above language is identical to the language in La.C.Civ.P. art. 1702(B)(3). Thus we hold that the Charia rule applies to a judgment of default taken pursuant to La. C.Civ.P. art. 4904 as well.
We also note the two documents do not provide a prima facie showing of a vendor’s lien and any interest or attorney’s fees owed by Brown. While the document entitled “INSTALLMENT ACCOUNT” lists various items there is no indication on this document that these were actually delivered to Brown.
Universal refers to a promissory note in its brief which was signed by Brown. It refers to the supplemented two documents described above. Neither of these two documents, even if they had been attached to the attorney’s certification, is a promissory note. Furthermore, the attorney’s certification | certifies the instrument sued upon is a sales contract and ledger card and not a promissory note.
In contrast, the document which was attached to the attorney’s certification was a notarized statement by the office manager of Universal that Universal is the owner and holder in due course of “the promissory note herein sued upon”. There was no signed promissory note by Brown in favor of Universal attached nor was there one in this record.
Accordingly, for the reasons stated, the judgment by default is annulled, vacated, and set aside and this case is remanded for further proceedings. Costs of this appeal are to be borne by appellee.

JUDGMENT ANNULLED, VACATED AND SET ASIDE, AND CASE REMANDED.