JaGOTHARD, Judge.
Defendants, Judith and Donald Pellissier, appeal a judgment of the trial court confirming a default judgment against them and awarding plaintiff, Donald Greenwood, damages in the amount of $17,500.00. We vacate the judgment and remand the matter to the trial court.
This matter began on July 5,1995 with the filing of a petition for “damages caused by unsafe premises”. The petition alleges that plaintiff, Donald Greenwood, was hired on January 17,1995, to do some electrical installation work on a commercial building located at 800 Jefferson Highway, Jefferson Parish, Louisiana. The petition also alleges that the building in question is owned by Judith and Donald Pellissier and is leased to Ed Lara, who was also named as a defendant in the suit. Plaintiff asserts that he was sent by Lara into the ceiling of a storage room in the building to check possible wire routing. Plaintiff fell through the ceiling and landed *1167 Isnine feet below on a concrete floor, causing injury to Ms Mp and wrist. The petition asserts claims in general negligence and strict liability under LSA-C.C. arts. 2316 and 2322.
No answer was filed to the petition, and a preliminary default was taken on July 28, 1995 against defendants, Judith and Donald Pellissier, and their insurer. That default was confirmed on August 2, 1995, and a judgment was rendered in plaintiff’s favor and against the Pellissiers in the amount of $17,500.00. A motion for new trial and a motion for stay.of all proceedings were filed on August 31, 1995 based on allegations of insufficient service of process and insufficient evidence to establish a prima facie ease. The Pellissiers also filed a petition for nullity of judgment on September 7, 1995, making the same claims. On that same day the Pellissi-ers filed a motion for appeal of the August 2, 1995 judgment. On December 18, 1995, . the trial court rendered a judgment dismissing the motion for new trial as moot because it was . untimely filed. Nonetheless, the court considered the merits of the motion for new trial and denied it, finding that, “plaintiffs proof of ownersMp of the Pellissier property was appropriate and sufficient for the judgment as rendered”. That judgment also continues the hearing on the petition for nullity of judgment until February 13,1996.
In brief to this court, defendants argue the default judgment was improperly confirmed because the plaintiff did not establish a prima facie case that the defendants owned and/or controlled the premises on wMch plaintiff was injured. We agree.
At the hearing on the confirmation of the default judgment, plaintiff testified that he was installing an electric meter in preparation for the opening of business at Lara’s Auto Repair Shop located at 800 Jefferson Highway, Jefferson, Louisiana. UHe climbed a ladder to explore possible wire routes in the attic of the storage room when the surface gave way and he fell to the floor below. Mr. Greenwood also testified that he was working under the instruction of Ed Lara at the time of the incident. Plaintiff makes no mention of the Pellissiers in Ms testimony. The oMy other testimony offered by Mr. Greenwood concerns the extent of his injuries and damages. In support of the claim, plaintiff introduced certain medical records and bills as proof of damages sustained in the fall. Also introduced into evidence was a copy of a demand letter sent to Mr. Lara and the Pellissiers.
LSA-C.C.P. art. 1702 provides in part that, “a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ...” To establish a prima facie case a plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically de-Med by the defendant. Hollis v. Norton, 586 So.2d 656 (La.App. 5 Cir.1991). Recently, in White v. Esplanade Properties Corp., 95-571 (La.App. 5 Cir. 11/28/95), 665 So.2d 579, tMs court encountered a factually similar matter. In White the plaintiff sued for damages sustained in a fall at a shopping mall. Although she asserted in her petition that the defendant owned and/or operated the mall, no proof of that ownersMp or control was presented at the default hearing, and no evidence was offered to show that the defendant was in any way responsible for the injuries sustained by the plaintiff. We vacated the default judgment in that case, and must do so in the instant matter.
A plaintiff must produce proof of a claim against the party sued. Eddie’s Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4 Cir. 1975); White v. Esplanade Properties Corp., supra. We hold that the plaintiff did not make a prima facie case | sthat the Pellissiers are the parties responsible for Ms injuries. Therefore, we find that a default judgment was improperly granted.
For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded to the trial court for further proceedings. Costs of tMs appeal are assessed to appellee.
JUDGMENT VACATED, MATTER REMANDED.