Dana SNYDER, Plaintiff,

v.

PLY GEM INDUSTRIES, INC., Nortek, Inc., Defendants.

No. 01 Civ. 3076(NRB).

United States District Court, S.D. New York.

Sept. 25, 2001.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Plaintiff, Dana Snyder, a current Florida resident formerly of New York, brings this diversity action for breach of an employment contract against defendants Ply Gem Industries, Inc. ("PGI") and the holding company that owns PGI, Nortek, Inc. ("Nortek"). Presently before the Court is a motion to dismiss as against Nortek for lack of personal jurisdiction, and a motion on behalf of both Nortek and PGI to transfer the case to the District of Rhode Island where venue more properly lies. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Dana Snyder is the former President and Chief Operating Officer of defendant PGI. This case stems from an employment agreement ("the Agreement") entered into by plaintiff and PGI on June 5, 1995, and by its own terms governed under New York law. The Agreement, which encompassed terms such as base salary, benefits, bonuses, etc., provided for a Performance Award bonus to be paid to plaintiff upon his resignation for good reason or upon termination without cause. See Compl. ¶ 13–16 & Attach. Ex. A (the Agreement) ¶ 5(b)(ii)(B). The Performance Award provision in the contract expressly contemplated a change of control event and how such an occurrence would affect Mr. Snyder's bonuses under the contract. See Compl. ¶ 13–14 & Attach. Ex. A (the Agreement) ¶¶ 1(g), 5(b)(ii)(B). About two years after the Agreement took effect, in August of 1997, Nortek acquired the assets and business of PGI. At the time of the acquisition, Nortek notified plaintiff that his employment with PGI was to be terminated in accordance with the provisions of the Agreement. See Compl. & Attach. B. After several payments were made by PGI to plaintiff at his Florida home, one in April of 1998, and another in June of 1999, a dispute concerning the calculation of the Performance Awards under the Agreement arose, evolving into this lawsuit.

Defendant Nortek is a Delaware corporation with its principal place of business in Rhode Island. Nortek has never maintained a New York office or bank account, employed any New York employees, or owned real property in New York. See Mem. of Law in Supp. of Defs.' Mot. to Dismiss or in the Alternative to Transfer, at 3. Defendant PGI is also a Delaware corporation, and since at least December of 1997, PGI's principal place of business has been Rhode Island as well. See id. at 3–4. PGI currently has no facilities or employees in New York. See id. at 4. Mr. Snyder currently, and at least since September of 1997, lives in Florida, which is where all correspondence and payments from defendants have been sent. See, e.g., Aff. of Dana Snyder in Opp. Ex. I.

## DISCUSSION

### 1. Personal Jurisdiction

■ In a diversity action, personal jurisdiction is determined by the law of the State in which the Court sits. See, e.g., Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir.1963) (en banc). Accordingly, we must determine: (1) whether there is jurisdiction over Nortek under New York's long-arm statute, which in this case, is confined to New York's C.P.L.R. § 302(a)(1);[1] and (2) if so, whether the exercise of jurisdiction is consistent with

---

1. Plaintiff concedes that Nortek is not "doing business" in New York, and asserts jurisdiction under the long-arm statute only. See Mem. of Law in Opp. to Mot. to Dismiss or in the Alternative to Transfer, at 3 n. 1.

federal due process requirements.[2] *See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999) (citing *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996)).

 Plaintiff bears the burden of proof in establishing personal jurisdiction over the defendant. *See, e.g., Bank Brussels,* 171 F.3d at 784 (citation omitted); *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir.1990) (citation omitted). Where, as in this case, the Court has not held an evidentiary hearing, plaintiff's showing "must include an averment of facts that, if credited by the trier [of fact], would suffice to establish jurisdiction over the defendant ... [meaning] the prima facie showing must be factually supported." *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990) (citations omitted). *See also, Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996) (*citing Ball*).

 The relevant portion of New York's long-arm statute, CPLR § 302(a)(1), contains two requirements: (1) the non-domiciliary must transact business within the state, and (2) the claim against the non-domiciliary must arise out of that business activity.[3] *See J.L.B. Equities, Inc. v. Ocwen Financial Corp.,* 131 F.Supp.2d 544, 550 (S.D.N.Y.2001) (citing *Mantello v. Hall,* 947 F.Supp. 92, 99 (S.D.N.Y.1996)). Thus, there must be "a strong nexus between the plaintiff's cause of action and the defendant's in state conduct." *See Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 564 (S.D.N.Y.2000) (citing *Welsh v. Servicemaster Corp.,* 930 F.Supp. 908, 910 (S.D.N.Y.1996)). Mere ownership of a wholly-owned New York subsidiary by a foreign parent company is insufficient to confer personal jurisdiction over the parent. *See L'Europeenne de Banque v. La Republica de Venezuela,* 700 F.Supp. 114, 124 (S.D.N.Y.1988); *see also Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.,* 26 F.Supp.2d 593, 599 (S.D.N.Y.1998) (finding no personal jurisdiction over parent company under long arm statute).

 Plaintiff asserts that the myriad activities surrounding Nortek's acquisition of PGI created the necessary contacts with New York required under the long-arm statute. However, it is here that plaintiff's argument is unavailing. While the "change of control" event of the acquisition triggered the Performance Award provisions of Mr. Snyder's contract, the dispute itself does not arise out of the merger, but rather from the interpretation of Mr. Snyder's employment contract, which was signed fully two years before the merger. Furthermore, the dispute over the Agreement did not arise until after the Performance Award payments had been made in both 1998 and 1999, almost 2 years after the acquisition and well after the plaintiff had moved to Florida and PGI had moved to Rhode Island. The issue in this case is the appropriate computation of the Performance Awards, an activity which has never occurred in New York. Therefore, the

**2.** As the Court finds no basis for exercising jurisdiction under New York's long-arm statute, we need not reach the due process question.

**3.** In relevant part, the New York long-arm statute states:

CPLR § 302(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

N.Y. C.P.L.R. § 302(a)(1)(McKinney 1990).

transaction at issue in this case does not "arise out of" the acquisition of PGI by Nortek in New York, but rather the Agreement and the dispute that surfaced subsequent to the acquisition among the parties in interpreting plaintiff's employment contract.

For these reasons, we hold that personal jurisdiction over defendant Nortek cannot be found, and we move to the second prong of defendants' motion, the transfer of venue to the District of Rhode Island.

## 2. Transfer of Venue Pursuant to 1404(a)

■ Section 1404(a) of Title 28 of the U.S.Code provides that, "[f]or the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." The purpose of 1404(a) is to "prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *See Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

As a preliminary matter, we should note that in order to effect a change of venue, it must be true that the action could initially have been brought in the proposed transferee forum. *See Promuto v. Waste Management, Inc.,* 44 F.Supp.2d 628, 637 (S.D.N.Y.1999) (citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). As this is a diversity action, venue is proper in the district in which defendants reside. *See* 28 U.S.C. § 1391(a). Since PGI and Nortek maintain their prin-

cipal places of business within the District of Rhode Island, they are considered residents of the District of Rhode Island, and venue would be proper there. *See* 28 U.S.C. § 1391(c).

■ As a threshold matter, given our jurisdictional ruling, venue must clearly be transferred as to defendant Nortek.[4] With respect to PGI, to determine whether a transfer is in the interests of justice under § 1404(a), this Court should weigh the following factors: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the relative means of the parties; (4) the locus of operative events; (5) the relative ease of access to sources of proof; (6) the weight accorded to plaintiff's choice of forum; (7) the availability of process to compel the presence of an unwilling witness; (8) the forum's familiarity with the governing law; and (9) trial efficacy and the interests of justice based upon the totality of the circumstances. *See Palace Exploration Co. v. Petroleum Dev. Co.,* 41 F.Supp.2d 427, 437 (S.D.N.Y. 1998); *In re Nematron Corp.,* 30 F.Supp.2d 397, 400 (S.D.N.Y.1998). No single factor is determinative, and the decision of whether to transfer the action lies wholly within the broad discretion of the district court. *See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) ("[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis.") (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

The multi-factor balance of the interests analysis clearly favors the transfer of venue to the District of Rhode Island for PGI

---

4. Even where a district court lacks personal jurisdiction over a party, the Court retains the power to transfer venue pursuant to 1404(a).

*See Fort Knox Music Inc. v. Philip Baptiste,* 257 F.3d 108, 111–12 (2d Cir.2001).

as well. First and foremost, none of the parties reside in New York. While plaintiff contends that the activities in New York surrounding the acquisition of PGI by Nortek are at issue in this lawsuit, these details are extraneous to the principal issue of how to interpret the employment Agreement, formed more than two years earlier. While this Agreement was negotiated in New York and was the subject of some conversations in New York around the time of the acquisition, it is the communications and accounting practices between the parties since plaintiff's termination that are at issue. These communications have been made almost exclusively between Rhode Island and Florida, as have the payments of the Performance Awards by PGI to Mr. Snyder. Though the Agreement contains a New York choice of law clause, there is no reason to doubt the ability of the District Court of Rhode Island to apply basic New York contract law.

Finally, plaintiff has not even indicated in his submission that he wishes to proceed in New York as against PGI alone even if Nortek were dismissed for lack of personal jurisdiction, nor would it be sensible and economical to proceed in two different fora.

### CONCLUSION

For the foregoing reasons, defendants' motion is granted. The Clerk of the Court is respectfully directed to transfer this case to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**