■ Monique Moreau, Respondent, v RPM, Inc., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [799 NYS2d 113]—

In an action to recover damages for personal injuries, the defendants RPM, Inc., and Rust-Oleum Corporation appeal from

an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 16, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them or for summary judgment dismissing the complaint insofar as asserted against RPM, Inc., on the ground of lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against RPM, Inc., on the ground that the court lacked personal jurisdiction over that defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In support of that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant RPM, Inc. (hereinafter RPM), on the ground of lack of personal jurisdiction, the appellants submitted the affidavit of the vice-president of RPM, which stated that RPM was merely the parent of the appellant Rust-Oleum Corporation (hereinafter Rust-Oleum), and did not finance Rust-Oleum's day-to-day operations or control Rust-Oleum's marketing or operational activities. RPM's vice-president also stated that the two were separate corporations, located in separate states, with separate officers, directors, and employees, and that RPM did not manufacture any products at all, did not distribute any products in New York, and had no contacts with the State of New York for which it would be subject to personal jurisdiction. By this evidence, the appellants established their entitlement to judgment as a matter of law on that branch of their motion which was to dismiss the complaint insofar as asserted against RPM on the ground that the court lacked jurisdiction over RPM pursuant to CPLR 302 (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition to this prima facie showing, the plaintiff failed to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact as to whether RPM was subject to jurisdiction pursuant to CPLR 302 (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff merely submitted evidence that RPM was the parent company of Rust-Oleum. Mere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent (*see Snyder v Ply Gem Indus., Inc.*, 200 F Supp 2d 246 [2001]; *L'Europeenne de Banque v La Republica de Venezuela*, 700 F Supp 114 [1988]; *see also Laborers Local 17 Health & Benefit Fund v Philip Morris, Inc.*, 26 F Supp 2d 593 [1998]).

Therefore, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against RPM on the ground of lack of personal jurisdiction.

However, the Supreme Court properly denied summary judgment dismissing the complaint insofar as asserted against Rust-Oleum. Although Rust-Oleum demonstrated its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]), in opposition, the plaintiff raised triable issues of fact, inter alia, as to whether the subject spray was defective. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.