Orders, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 14, 2012, which granted defendants’ motions to dismiss the complaint pursuant to CELR 3211 (a) (8) and CELR 327, unanimously affirmed, without costs.
In this action arising from two letters of credit issued in Korea to plaintiff, a Maltese corporation, defendants, commercial banks, are headquartered in Korea, and are wholly owned subsidiaries of defendant Woori Finance Holdings (WFH), a Korean holding company. The letters of credit were made for the benefit of plaintiffs customer, a company located in Dubai, United Arab Emirates, in connection with the purchase of scrap steel which was to be shipped from Japan to South Korea. Defendant banks made the decision to dishonor the letters of credit in Korea.
The motion court properly granted the motions by defendants WFH and Kwangju Bank Ltd. to dismiss the complaint for lack of jurisdiction (CELR 3211 [a] [8]). Defendants are not “engaged in such a continuous and systematic course of ‘doing business’ here as to warrant a finding of [their] ‘presence’ in this jurisdiction” (McGowan v Smith, 52 NY2d 268, 272 [1981], quoting Simonson v International Bank, 14 NY2d 281 [1964]). Nor are there contacts with New York “so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities” (Goodyear Dunlop Tires Operations, S.A. v Brown, 564 US —, 131 S Ct 2846, 2853 [2011], quoting International Shoe Co. v Washington, 326 US 310, 318 [1945]; see also Wiwa v Royal Dutch Petroleum Co., 226 F3d 88, 95 [2d Cir 2000], cert denied 532 US 941 [2001]).
Flaintiff contends that all three defendants are part of a highly integrated enterprise, led and dominated by WFH. However, even assuming Woori Bank is subject to personal jurisdiction here, WFH is not subject to personal jurisdiction based on its ownership of Woori Bank (see Moreau v RPM, Inc., 20 AD3d 456, 457 [2d Dept 2005]). Flaintiff has not established that WFH’s control over Woori Bank’s activities is so complete *603 that Woori Bank is in fact “merely a department” of WFH (Delagi v Volkswagenwerk AG of Wolfsburg, Germany, 29 NY2d 426, 432 [1972]). It has shown only common ownership, demonstrating that WFH is simply a holding company. WFH does not control defendants finances, interfere with the selection and assignment of executive personnel or fail to observe the corporate formalities (Volkswagenwerk AG. v Beech Aircraft Corp., 751 F2d 117 [2d Cir 1984]). Nor does the SEC Form 20-F, relied on by plaintiff, establish pervasive control by WFH. The form’s language describes an appropriate parental role of WFH in supervising its subsidiaries.
Plaintiffs alternate request for jurisdictional discovery was properly denied. Plaintiff failed to show that the requested discovery could adduce facts establishing personal jurisdiction in New York (see Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]).
The motion court providently exercised its discretion in dismissing the complaint as to Woori Bank on the ground of forum non conveniens (see CPLR 327; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-480 [1984], cert denied 469 US 1108 [1985]; Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 178 [1st Dept 2004]). This dispute has no substantial nexus with New York and the resolution of this case may require consideration of Korean law. Contrary to plaintiffs contention, even though the letters of credit are subject to the terms and conditions of the UCR “the UCP does not cover every contingency and the meaning of the letter’s terms will have to be determined by reference to the law governing the transaction” (Shin-Etsu, 9 AD3d at 176).
Korea is an adequate alternative forum for this dispute. There is no evidence to support plaintiffs allegations and speculation about bias in the Korean courts in favor of defendants. Meager and conclusory allegations are insufficient to support a finding of bias by a foreign court (see In re Arbitration between Monegasque De Reassurances S.A.M. v Nak Naftogaz of Ukraine, 311 F3d 488, 499 [2d Cir 2002]). Concur — Friedman, J.P, Moskowitz, DeGrasse, Richter and Gische, JJ.