MOORE, J.
h RPM International Inc. appeals a default judgment that ordered it to pay damages, interest and an attorney fee for an allegedly defective wood sealant product, Rust-Oleum Restore®, that was purchased and used by Dr. William A. Keaty Sr. RPM contends that the record does not make a prima facie case that it (RPM) manufactured the product, only that its subsidiary corporation, Rust-Oleum, did. We reverse and remand.
Dr. Keaty, a pediatric dentist, bought a large quantity of Rust-Oleum Restore® in July 2013 to seal the elaborate, two-story wood deck of his camp house on Pecan Island, in Vermilion Parish. He hired three hands who worked about two months prepping and sealing the deck, using exclusively Rust-Oleum products and following all directions. In May 2014, however, Dr. Keaty noticed the sealant was peeling, cracking and flaking; all his attempts to remedy the situation made it worse. He emailed the Rust-Oleum Products Support Group and, on July 28, 2014, someone named Gina Bonofiglio, with Rust-Oleum Corporation, replied that if he would send her copies of his sales receipts, “we would be able to refund the cost of this product.” He sent his information but never heard another word from Ms. Bonofiglio or Rust-Oleum.
Dr. Keaty filed this suit on May 4, 2015, naming as defendants “RPM International Inc. d/b/a Rustoleum” and its unknown insurer. Long-Arm service was mailed to RPM’s registered agent, Corporation Service Co., in Wilmington, Delaware; someone signed the “green card” and it was returned to counsel on May 18. When no answer was filed, Dr. Keaty moved for preliminary default on July 13, and moved to confirm on August 3. |2At the confirmation hearing, on August 24, Dr. Keaty testified to all the facts outlined above. He also filed an affidavit itemizing his damages, a total of $24,467.11, a certificate showing legal interest of $213.63, photos of empty cans of the Restore®, photos of the deck itself, and printouts of the emails he sent (and the one he received) from Rust-Oleum. One of his workers also testified, confirming that they used exclusively Rust-Oleum products and strictly followed all directions.
The district court found this sufficient to make a prima facie case and confirmed the default. The court later signed a judgment ordering RPM to pay Dr. Keating $24,367.11 in damages, $213.67 in interest and $3,500 in attorney fees.
RPM filed this motion for suspen-sive appeal.[1] It designated one assignment *509 of error: the court erred in confirming the default because Dr. Keaty failed to make a prima facie case that RPM was the manufacturer of the allegedly defective product and, in fact, submitted evidence that some other corporation made it. It contends that every bit of evidence submitted by Dr. Keaty — the emails, photos, testimony — refers to Rust-Oleum, but no evidence showed how RPM was connected to the product. RPM concedes that it is the parent company of Rust-Oleum, and Rust-Oleum is its subsidiary, but cites the “black-letter Louisiana law” that a parent corporation is a legal entity distinct from its subsidiary and not liable for any debt or liability of its subsidiary, Bujol v. Entergy Servs. Inc., 2003-0492 (La. 5/25/04), 922 So.2d 1113. It argues the case is strikingly similar to Eddie’s Hardware Inc. v. Rago, 320 So.2d 276 (La. App. 4 Cir. 1975), 1 swhich held that the party seeking to confirm a default must “produce proof of the claim against the party sued.” Specifically, it urges that Dr. Keaty supplied no evidence that (1) RPM manufactured Restore®, (2) RPM was “doing business as” Rust-Oleum, or (3) RPM’s corporate separateness should be disregarded to hold it liable for Rust-Oleum Corp.’s separate debts.
Dr. Keaty argues in brief, “The “wording on the container also stated it was made by RPM International.” He relates that he spent months trying to resolve the claim without litigation, had to file suit, properly served RPM by Long-Arm, still got no response whatsoever, took a preliminary default and, finally, confirmed it with sufficient evidence; only after judgment was rendered, and near the end of appellate delays, did RPM finally appear to argue it was the wrong defendant. He contends that if the defense is “wrong defendant,” RPM simply failed to raise it in the trial court. He argues that Eddie’s Hardware, “an obscure 40-year-old case from the Fourth Circuit,” is inapposite because it ultimately found only that the plaintiffs affidavit was insufficient. He concludes that under the manifest error rule, Cole v. State, 2001-2123 (La. 9/4/02), 825 So.2d 1134, no reasonable factfinder could find that anybody but RPM was the manufacturer of Restore®.
A corporation is a legal entity distinct from its shareholders. Buckeye Cotton Oil Co. v. Amrhein, 168 La. 139, 121 So. 602 (1929). The same principle applies where one corporation wholly owns another. Bujol v. Entergy Servs., supra, citing Joiner v. Ryder Sys. Inc., 966 F.Supp. 1478 (C.D. Ill. 1996). “While generally a parent corporation, by virtue of its ownership interest, has the right, power, and ability to control its subsidiary, a parent corporation generally has no duty to control the actions of its Lsubsidiary and thus no liability for a failure to control the actions of its subsidiary.” Id. Louisiana courts have declared that the strong policy of Louisiana is to favor the recognition of the corporation’s separate existence, so that veil-piercing is an extraordinary remedy, to be granted only rarely. Id. citing Glenn G. Morris & Wendell H. Holmes, Business Organizations (8 La. Civ. Law Treatise), § 32.02 (1999).
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case and that is admitted on the record prior to confirmation. La. C. C. P. art. 1702 A. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the *510 same extent as if each allegation had been specifically denied. Power Marketing Direct Inc. v. Foster, 2005-2023 (La. 9/6/06), 938 So.2d 662; Spencer v. James, 42,168 (La.App. 2 Cir. 5/9/07), 955 So.2d 1287. On review, an appellate court is restricted to determining the sufficiency of the evidence offered in support of the default judgment. Arias v. Stolthaven New Orleans LLC, 2008-1111 (La. 5/5/09), 9 So.3d 815; Spencer v. James, supra. The determination is factual and is governed by the manifest error standard of review. Arias v. Stolthaven New Orleans, supra.
A plaintiff confirming a default judgment must produce proof of the claim against the pax-ty sued. Eddie’s Hardware Inc. v. Rago, supra; A. Baldwin & Co. v. B & R Fences Inc., 365 So.2d 943 (La. App. 4 Cir. 1978). The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations of the petition were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La. 1993). The rules of evidence apply to a confirmation of default. La. C.E. art. 1101 A. Even though there is no opponent, a plaintiff is inquired to follow Lthe rales of evidence. Arias v. Stolthaven New Orleans, supra. Inadmissible evidence, except as specifically provided by law, may not be used to support a default judgment even though it was not objected to because the defendant was not present. Id.
In Eddie’s Hardware, supra, the plaintiff confirmed a default judgment on an open account against a person named O.J. Rago, who had signed three receipts on behalf of an entity called R & M Delivery. However, the Fourth Circuit vacated the judgment because none of the evidence in support of the default provided “any basis for holding Rago responsible for the debts of R & M Delivery.” In Greenwood v. Pellissier, 96-4 (La.App. 5 Cir. 4/30/96), 672 So.2d 1166, writ denied, 96-1572 (La. 9/27/96), 679 So.2d 1347, and White v. Esplanade Props. Corp., 95-571 (La.App. 5 Cir. 11/28/95), 665 So.2d 579, the plaintiffs obtained default judgments alleging premises liability against the lessors of commei’-cial properties. However, the Fifth Circuit vacated both judgments because the evidence offered in suppox-t of the defaults did not show that the lessors exercised control over the lessees or assumed a duty for the safety of the leased premises. In short, “proof sufficient to establish a prima facie case” must show how the party cast in judgment is responsible for the plaintiffs damages.
Most to the point, in Moreau v. RPM Inc., 20 A.D.3d 456, 799 N.Y.S.2d 113, (2 Dep. 2005), the plaintiff obtained a summary judgment against RPM, the appellant herein, for personal injury caused by the use of Rust-Oleum paint. However, the Appellate Division reversed for failure of proof in that “plaintiff mei-ely submitted evidence that RPM was the parent company of Rust-Oleum. Mei-e ownership by a parent company of a subsidiary that is subject to pei’sonal jurisdiction is insufficient to establish | (-jurisdiction over the parent.” Although Moreau involved a summary judgment, the analysis of the evidence was critical to establishing RPM’s liability for Rust-Oleum’s debts.
On close examination, we are constrained to find that the record evidence does not make a prima facie case against RPM. The photos, emails and testimony all establish that Restore® is a product of Rust-Oleum Corporation, and RPM concedes it is Rust-Oleum’s parent corporation, but there is not one scintilla of evidence that RPM had a duty to control the acts of its subsidiary and was thus liable for its debts. Bujol v. Entergy Servs., supra. Dr. Keaty alleges in brief that the “wording on the container also stated that *511 it was made by RPM,” but no Restore® container, paint can or legible photo of the label thereon was introduced in support of the default. In the absence of such proof, the default judgment must be reversed and the case remanded for further proceedings.
We are sensitive to the difficulty inherent in obtaining judgment against an uncooperative defendant. In Eddie’s Hardware v. Rago, supra, the court noted, “While it appears from the record that defendant was served with the petition and had the opportunity to deny the allegations” that he was somehow connected to the buyer, R & M Delivery, and thus liable for that entity’s debt, the plaintiffs burden in confirming a default is to make a prima facie case against the party sued. The plaintiffs encountered the same obstacles in their suits against the lessors in White v. Esplanade Props. Corp. and Greenwood v. Pellissier, supra. All the defendant had to do was file a general denial, join the issue, and provoke a trial, wherein the court could make reasonable factual findings on contested evidence. However, the law clearly places the burden on the plaintiff, in a confirmation of default, to 17make a prima facie case, La. C. C. P. art. 1702 A, and in a suit against a parent company for the debt of its subsidiary, to show actual control over the acts of the subsidiary, Bujol v. Entergy Servs., supra. We find no record evidence to satisfy either of these burdens.
The judgment is reversed and the case remanded to the district court for further proceedings. All costs are to be paid by Dr. William A. Keaty Sr.
REVERSED AND REMANDED.
BROWN, C.J., dissents with written reasons.

. On April 6, the supreme court transferred the appeal to this court because all judges of *509 the Third Circuit recused themselves. Dr. Keaty’s wife, Hon. Phyllis Keaty, is a judge on the Third Circuit.