LOTTINGER, Judge.
This is a nullity action by Barry Joseph Arceneaux, appellant, to have judgments of separation and divorce set aside and erased in certain respects. Appellant’s wife, Terry Nelson Arceneaux, filed a peremptory exception asserting objections of no cause of action and no right of action which the Trial Court sustained. Barry Joseph Arceneaux has appealed from the judgment in favor of Terry Nelson Ar-ceneaux, sustaining her peremptory exception and dismissing the nullity action filed by him.
The parties to this proceeding were legally separated by judgment dated May 19, 1972, which also ordered the appellant to pay $180.00 per month as child support. In his petition for nullity of the judgment, appellant alleges that the May 19, 1972 judgment fails to include any mention of an agreement between the parties and/or stipulation of counsel respecting the award and dedication of $80.00 per month, out of the total of $180.00 monthly child support award, for a period of one year, to the payment of a house note, at which time the award of child support would be reduced to $100.00 per month. *308 The petition further alleges that the appellant only first discovered this inaccuracy on April 18, 1975. The appellant thusly argues that said judgment is null because it was procured by fraud and/or ill practices.
The parties were divorced by judgment by confirmation of default dated September 26, 1973, which continued the $180.00 per month child support as well as making ex-ecutory child support in arrears in the amount of $830.00. The petition for nullity alleges that this judgment also fails to make mention of the agreement of the parties and/or stipulation of counsel respecting child support and that the judgment was not signed in open court as required by LSA-C.C.P. arts. 194(6) and 1911. The petition for nullity further alleges that the petition for divorce does not contain any allegations of fact in support of the prayer for continuing $180.00 per month as child support and that no evidence respecting child support was introduced upon confirmation of the default in the divorce action. In his petition for nullity the appellant alleges that he has never acquiesced in that part of the September 26, 1973 judgment which ordered him to pay and made executory the amount of $830.00 as child support in arrears, nor has such part of said judgment ever been executed. He further alleges that he has never acquiesced in the part of that judgment which ordered him to pay the amount of $180.00 per month as child support.
It is well settled in this state, that an exception of no cause of action concedes for purpose of trial the correctness of well pleaded facts in a petition, and evidence is not admissible to determine whether the petition states a cause of action. Stated another way, the purpose of the exception of no cause of action is to determine whether, as a matter of law, the plaintiff has stated a justiciable cause against the defendant. The Trial Judge sustained the exception of no cause of action, but we know not why for there are no reasons for judgment either oral or written. After carefully reading the petition we are, however, of the opinion that the Trial Judge was in error in his sustaining of the exception of no cause of action. From the brief recitation of the allegations of the petition as above found, we feel the appellant has stated a cause of action. His success or failure on a trial on the merits is not now before this Court and can have no bearing on whether a cause of action is stated.
The exception of no right of action was also sustained by the Trial Judge. Appellee seems to argue that as to the May 19, 1972 judgment, the appellant had one year from the date of the judgment within which to file his petition for nullity. LSA-C.C.P. art. 2004. Appellee argues that in the petition for divorce filed June 28, 1973, mention was made of the $180.00 per month child support payment as found in the May 19, 1972 judgment, and thus appellant knew as of June 28, 1973, of this fact, and thus is precluded from bringing this action.
As to the September 26, 1973 judgment appellee argues that since appellant attacks this judgment for a vice of form, that he is further precluded from bringing the attack on this judgment because he has voluntarily acquiesced in the judgment. LSA-C.C.P. art. 2003.
As to the argument of appellee that the action must be brought within one year of discovery by the plaintiff in a nullity action of the fraud or ill practices, he may have an argument for a valid peremptory exception of prescription, but not an exception of no right of action. The purpose of the exception of no right of action is to question the interest of plaintiff to institute the law suit. Unquestionably, appellant has an interest in the law suit to nullify these judgments.
As to the appellee’s argument that appellant acquiesced in the judgment, we merely point out that Black’s Law Diction *309 ary, fourth edition, defines acquiescence as a species of estoppel. Estoppel is an affirmative defense, LSA-C.C.P. art. 1005, but it has nothing to do with an exception of no right of action. For these reasons, we believe that the Trial Judge was also in error when he sustained the exception of no right of action.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and this matter is remanded to the Trial Court for further proceedings in accordance with the views expressed herein. All costs of this appeal are to be paid by the appellee,
REVERSED AND REMANDED.