487 So.2d 116 (1986)
AMERICAN TEMPERING, INC.
v.
CRASTO GLASS AND MIRROR CO., INC.
No. CA-4217.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied April 16, 1986.
Stephen R. Remsberg, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for plaintiff (American Tempering, Inc.)
J. Warren Gardner, Jr., Christovich & Kearney, New Orleans, for defendant (Crasto Glass & Mirror Co., Inc.)
*117 Before BARRY, WARD and ARMSTRONG, JJ.
BARRY, Judge.
Crasto Glass and Mirror Company, Inc. appeals the dismissal of its Petition for Nullity of a default judgment.
In September, 1983 Crasto failed to pay for a shipment of glass ordered from American Tempering, Inc. Crasto ignored American's demands for payment on January 25 and March 12, 1984 which were made in accordance with La.R.S. 9:2781.[1]
American filed suit in September, 1984 and served Crasto's agent in October. Crasto failed to respond and on November 2 and 20, 1984 American was granted Preliminary Defaults which were confirmed on November 29th. A writ of fieri facias was issued and in February, 1985 American served garnishment interrogatories on Crasto's bank. Crasto filed a Petition for Nullity and an Answer with a Reconventional Demand which were dismissed based on an exception of no right of action.
Crasto asserts that 1): the November 29, 1984 document is a preliminary default, not a confirmation, and 2) American did not comply with C.C.P. Arts. 1702 and 1702.1[2] because there was no itemized certificate filed in the record and no certificate filed by the clerk of court.
Both motions for preliminary defaults were certified by the deputy clerk. Ms. Gail Morgan, Assistant to the President of American, signed a detailed affidavit of correctness and attached a copy of American's invoice. However, American failed to comply with C.C.P. Art. 1702.1 by not providing the mandated itemized certification indicating the type and date of service, the date of the preliminary default, and the clerk's certification that no answer was filed. These deficiencies are fatal to American's judgment.
The judgment dismissing Crasto's Petition for Nullity is reversed. The case is remanded for further proceedings.
REVERSED; REMANDED.
*118 WARD, Judge, denial of rehearing with reasons.
I would deny the application for rehearing. Code of Civil Procedure Articles 1702(C) and 1702.1 provide three requirements which must be met by a plaintiff in order to confirm a default judgment on an open account without a hearing: 1) the documents submitted are the proof required by law; 2) an original judgment and at least one copy are included; and 3) the certification procedures of La.C.C.P. art. 1702.1 are followed. American Tempering did not follow the final requirement, the certification procedures of Article 1702.1. In its application for rehearing, American Tempering asserts that compliance with that article was not necessary because its default judgment was confirmed after a hearing in open court on November 29, 1984. I disagree.
The November 29, 1984 ex parte signing of American Tempering's judgment confirming the default is not a hearing in open court within the meaning of La.C.C.P. art. 1702(C) even though the judgment was signed in open court and even if it says it was signed after a trial. A hearing within the meaning of the article is one in which witnesses testify under oath to confirm a default. An appearance in court by counsel where documents are merely offered into the record to support an oral motion for confirmation of default is not a hearing. Hence, because witnesses did not testify under oath, American Tempering's default judgment on an account could be confirmed only by following the above three requirements, including the certification procedures of Article 1702.1.
NOTES
[1] La.R.S. 9:2781(A) in part provides:

When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
[2] C.C.P. Art. 1702 in pertinent part specifies:

B. When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. When the sum due is on an open account or a promissory note or other negotiable instrument, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
C.C.P. Art. 1702.1 provides:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument and that the necessary invoices and affidavit or note and affidavit are attached. If attorney fees are sought under R.S. 9:2781, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.