703 So.2d 742 (1997)
Gary J. HOLLANDER and Jack D. Hollander
v.
Wayne WANDELL and Louis Deutschmann.
No. 97-CA-556.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1997.
*743 M. Brent Hicks, Wayne M. Babovich, Bradley J. Chauvin, Metairie, for Defendants/Appellants.
A. Patrick Dehon, Jr., New Orleans, for Plaintiffs/Appellees.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a petition for nullity filed on February 7, 1997 by the alleged representatives of the succession of Louis John Deutschmann,[1] (the representatives). The action seeks to annul a default judgment rendered May 4, 1989 in a suit filed on behalf of Gary J. Hollander and Jack D. Hollander against Wayne Wandell and Louis Deutschmann. The default judgment was rendered against Louis Deutschmann in the amount of $12,845.14, plus interest, costs and attorney's fees. No appeal was taken from that judgment. In the present nullity action the trial judge sustained the exception of prescription and dismissed the petition. The representatives now appeal. We affirm.
An action to annul may be brought for vices of form or substance. La.Code Civ. P. art.2001.[2] If brought for vices of form, the judgment is an absolute nullity which may be brought at any time subject to the exception provided in article 2003.[3] La.Code Civ. P. art.2002.[4] If the action is for a vice of substance, La.Code Civ. P. art.2004[5] provides a preemptive period.
Appellant argues that the plaintiffs failed to comply with the requirements of La.Code Civ. P. arts. 1701-1704 and that such failure constitutes a vice of form under La.Code Civ. P. art.2002(2). Section 2 provides in part that a judgment be annulled:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken [emphasis added]...
Appellants assert that the failure to comply with articles 1701 to 1704 results in an invalid judgment subject to nullity as a vice of form. We disagree.
Article 2002 lists exclusive grounds for annulling a default judgment on the basis *744 of vices of form. Sweeney, Inc. v. Olivier, 589 So.2d 61 (La.App. 1st Cir.1991). Furthermore,
It is well established that art.2002 is the basis for annulment of judgments only when there are technical defects of procedure or form. Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954).
Zuviceh v. Rodriguez, 444 So.2d 767, 768 (La.App. 4th Cir.1984).
Appellants correctly note that the plaintiffs did not comply with the certification requirements mandated by La.Code Civ. P. art. 1702.1(B) since the certification is incomplete. Section B provides:
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed [emphasis added].
The certification herein does not contain a certification of the date on which the preliminary default was taken. The record shows, however, that a valid preliminary default was taken on April 24, 1989 and that the certification and confirmation of the default were done on May 4, 1989.
Appellants rely on this court's opinion in Hollis v. Norton, 586 So.2d 656, 658 (La.App. 5th Cir.1991) for the proposition that failure to meet the mandatory requirements of 1702.1 is fatal to a default judgment. Accord Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir.1989) and Lee W. Phillips d/b/a Lee's Service Company v. Space Master International, Inc., 96-877 (La.App. 5th Cir. 5/14/97), 696 So.2d 64. These cases are inapposite since they involved an appeal of a default judgment and not an action for nullity.[6]
The Louisiana Supreme Court discussed article 1702.1 in Sessions & Fishman v. Liquid Air Corp., 92-2773 (La.4/12/93), 616 So.2d 1254, 1260-1262. It noted, "The article provides that `along with any proof required by law,' the plaintiff or his attorney must include" the listed certified statements. Id. at 1260. The court also stated:
It is clear that the legislature did not intend to change the prima facie proof necessary to confirm a default judgment when it provided a procedure to authorize its obtainment without a hearing.
Id. at 1261.
La.Code Civ. P. art. 1701(A) provides for a judgment by default as follows:
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
La.Code Civ. P. art. 1702(A) describes the proof which must be presented in order to confirm a default as follows:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ...
The remaining sections of article 1702 describe the type of proof necessary for various demands. La.Code Civ. P. art. 1702.1 provides for certification, along with the proof required by law. Thus, articles 1702 and 1702.1 elaborate upon the requirement of what constitutes a prima facie case.
In State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929, 94-0639 (La.App. 4th Cir. 11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d. 254 the court explained:
Ms. Growe does not present a claim of vice of form making the judgment invalid. She did not appeal the judgment of default and now cannot raise a claim on the merits that the state failed to prove a prima facie case to establish that she engaged in conduct giving rise to forfeiture. The proper *745 procedure to remedy the failure of proof is through a motion for new trial and/or an appeal, not a motion to nullify the judgment. Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5 Cir.1991), writ denied, 594 So.2d 1323 (La.1992). An action asserting a nullity of a judgment cannot be substituted for a timely appeal. Wilson v. Central Gulf Lines, Inc., 583 So.2d 1164 (La.App. 4 Cir.1991), writ denied, 590 So.2d 79 (La.1991).
We hold that the mandatory requirements of articles 1702 and 1702.1 relate to the plaintiffs' establishing a prima facie case in support of a default judgment. As such, the "proper procedure to remedy the failure of proof is through a motion for new trial and/or an appeal, not a motion to nullify the judgment." Id.
Finally, the appellants argue that the plaintiffs failed to establish a prima facie case based upon the merits of their claims against Louis Deutschmann. As mentioned above, the action for nullity is not an appropriate vehicle for raising issues of proof. Additionally, we note that the amount of the claim sought against Louis Deutschmann and the amount awarded in the default judgment is identical, thus complying with La.Code Civ. P. art. 1703.[7]
Accordingly, for the reasons stated, the judgment sustaining the exception of prescription and dismissing the petition for nullity, is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Gary J. Hollander and Jack D. Hollander, the plaintiffs in the original proceeding, filed inter alia an exception of lack of procedural capacity. That exception was not considered by the trial judge.
[2] La.Code Civ. P. art.2001 provides:

The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
[3] La.Code Civ. P. art.2003 provides:

A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
[4] La.Code Civ. P. art.2002 provides:

A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
[5] La.Code Civ. P. art.2004 provides:

A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
[6] But see American Tempering Inc. v. Crasto Glass, 487 So.2d 116 (La.App. 4th Cir.1986) which involved a nullity action.
[7] La.Code Civ. P. art. 1703 provides:

.A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy.