PEATROSS, J.
| plaintiff, Sheree E. Walker, filed a Rule to Enforce Settlement and for Penalties and Attorney’s Fees seeking the enforcement of a settlement agreement with Defendant, State Farm Mutual Automobile Insurance Company. The trial court denied Plaintiffs requests and ruled in favor of Defendant. Plaintiff appeals the decision of the trial court. For the following reasons, we affirm.
FACTS
Plaintiff was injured in a motor vehicle accident with an insured of Defendant. Defendant issued Plaintiff a check for $550 for the resulting loss of use of her vehicle. Apparently in error, Defendant issued a second check for the same amount to cover the same damages. Plaintiff cashed both checks. Defendant requested that Plaintiff repay the overpayment of $550; however, Plaintiff has not done so.
The parties then entered into an oral settlement agreement in the amount of $7,038.61 additional money. Defendant sent a check to Plaintiff for that amount, along with a written release. The release stated that, for the sole consideration of $7,038.61, Plaintiff released Defendant from any and all claims of any kind, both to person and property, which resulted from her accident. Plaintiff signed the release. Defendant, however, stopped payment on that check and issued Plaintiff a second settlement check for $6,488.61, reflecting a deduction of $550 for the duplicate payment mentioned above.
Plaintiff then filed this rule to enforce the settlement of $7,038.61 and seeking damages under La. R.S. 22:1220 B(2) for failure to pay the | ¡.settlement within 30 days. The trial court, in its reasons for judgment, found that Plaintiff knew of the overpayment and had agreed to repay the amount, but had failed to do so. The trial *903 court further found that the deduction of the $550 from the settlement amount was appropriate and denied Plaintiffs request for damages and penalties, thereby deeming the payment of $6,488.61 to be a full payment of the settlement agreement.
DISCUSSION
Plaintiff argues that the issue of the overpayment of $550 is irrelevant to the proceedings to enforce the settlement because Defendant filed no answer or other pleading raising set-off as a defense. By filing a rule to show cause, Plaintiff utilized the summary proceedings pursuant to La. C.C.P. art. 2592. An answer is not required in a summary proceeding, except as otherwise provided by law, and is not required in this rule to enforce a settlement. La. C.C.P. art. 2593. In addition, affirmative defenses which must be pled in answer in ordinary proceedings need not be pled in a summary proceeding where no answer is required. Succession of McLean, 580 So.2d 935 (La.App. 2d Cir.1991), writ denied, 584 So.2d 682 (La. 1991); Brooks v. Brooks, 469 So.2d 378 (La.App. 2d Cir.1985).
Defendant argued, before the trial court, that it fully funded the settlement because it appropriately deducted the $550 owed by Plaintiff against the settlement of $7,038.61. For set-off to apply, a mutuality of obligations must exist where each obligor owes the other a debt equally liquidated and demandable. See La. C.C. art. 1893; Ducote v. City of Alexandria, 95-1197 (La.App. 3rd Cir.3/6/96), 670 So.2d 1378. In order 1 sfor there to be mutuality of obligors, there must exist two distinct obligations with each party being a debtor with respect to one debt and a creditor with respect to the other. Id. Under La. C.C. art. 1756, “[a]n obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee.” In order for Defendant to be entitled to a set-off against Plaintiff, therefore, it must prove that there are two distinct obligations. With respect to one obligation, Defendant must be bound to render a performance to Plaintiff, and with respect to the other, Plaintiff must be bound to render a performance to Defendant. In other words, Defendant must be the creditor with respect to one obligation and debtor with respect to the other and vice versa for Plaintiff. Id.
La. C.C. art. 2299 provides that “[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.” Under this article, if Plaintiff received a second payment of $550 in error, she is obligated to repay the amount to Defendant. If Plaintiff failed to repay the debt, Defendant would be entitled to set off Plaintiffs debt of $550 against its own obligation to fund the settlement agreement.
From our review of the record, we find that the trial court’s determination that Plaintiff owed Defendant $550 was correct. Defendant presented a letter from its adjusters requesting that Plaintiff repay the $550 and then a second letter reflecting the parties’ repayment agreement that allowed Plaintiff to repay the amount in two installments. Plaintiff ^stipulated to the authenticity of these letters. The parties further stipulated that Defendant’s representative, who was present at the trial, would testify that there was an overpayment of $550 and that her testimony would be consistent with the letters.
While Plaintiff did not stipulate as to the truth of the matters asserted by the submitted letters and the stipulated testimony, the trial court is free to determine that the letters and stipulated testimony are *904 credible. This evidence, along with the entire record, is sufficient to support the trial court’s finding that Plaintiff owed Defendant $550 and that, therefore, the reduced settlement check was a complete payment of the settlement agreement. We note that, if Defendant had either clearly documented this deduction in the settlement negotiations or the release, the parties to this suit and the courts would have been spared this suit over essentially $550.
We further find that Plaintiffs other assignments of error are without merit.
CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court in favor of Defendant, State Farm Mutual Automobile Insurance Company. Costs of appeal of assessed to Plaintiff, Sheree E. Walker.
AFFIRMED.