| CONVENTION KEY CARDS, LLC D/B/A KEY MARKETING | * | NO. 2023-C-0709 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| LMT SERVICES, LLC D/B/A PAPA JOHNS PIZZA | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-10417, DIVISION "B"
Honorable Marissa Hutabarat
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)


Jerome J. Pellerin
11292 Notaway Lane
New Orleans, LA 70128

      COUNSEL FOR RELATOR/DEFENDANT


Michael B. Alker
James C. Rather, Jr.
Alker & Rather, LLC
4030 Lonesome Road, Suite B
Mandeville, LA 70448

      COUNSEL FOR RESPONDENT/PLAINTIFF


**REHEARING GRANTED; DECEMBER 11, 2023 OPINION VACATED; WRIT GRANTED; REVERSED**


      **January 22, 2024**

LMT Services, LLC d/b/a Papa John's Pizza ("LMT") has filed an application for rehearing requesting that this Court vacate its previous opinion issued on December 11, 2023. In its application, LMT argues that this Court improperly denied its writ based on an affirmative defense not raised by the opposition and for which no evidence had been presented. While the long-standing record of this case speaks for itself, upon further review, we find merit to LMT's argument. Therefore, we grant LMT's Application for Rehearing and issue the following.

**RELEVANT FACTUAL AND PROCEDURAL HISTROY**

In 2017, Convention Keycards, LLC d/b/a Key Marketing ("Convention") filed a Petition on Open Account, or Alternatively, Petition for Breach of Contract, and LMT filed an answer in response. In June 2019, the district court struck LMT's answer from the record. Convention moved for a preliminary default on February 12, 2020, and the presiding judge signed the preliminary default. On July 24, 2020, the default was confirmed without a hearing by the acting duty judge.

On April 9, 2021, LMT appeared for a judgment debtor examination. For reasons unclear from the record before this Court, the district court issued a

judgment allowing LMT to submit a supplemental answer within 45 days. LMT filed the supplemental answer into the record. Convention moved to strike the answer again, and the district court struck the supplemental answer on November 4, 2022.

On January 27, 2023, LMT appeared for another judgment debtor examination before the district court. At the hearing, LMT objected to the disclosure of several materials, and the district court overruled its objection. LMT sought supervisory writ with this Court, and this Court denied writ on April 24, 2023.

On August 23, 2023, LMT filed a Motion to Vacate, Set Aside, and Annul Judgment. LMT sought to annul the July 2020 default judgment on the basis that Convention failed to comply with the procedural requirements of La. C.C.P. art. 1702.1. On October 6, 2023, the district court denied the motion, and LMT filed for supervisory review. On December 11, 2023, this Court denied LMT's writ application, finding that LMT's continued participation in litigation constituted an acquiescence to the default judgment and that it was precluded from asserting a nullity action under La. C.C.P. art. 2002. LMT filed an Application for Rehearing on December 27, 2023, which we now address.

### APPLICATION FOR REHEARING

In its Application for Rehearing, LMT argues that this Court raised an affirmative defense *sua sponte* as Convention had not raised the matter before the district court or presented evidence to support a finding of such at the hearing on the motion. Namely, this Court found that LMT was precluded from bringing a nullity action under La. C.C.P. art. 2003, which provides that a defendant who voluntarily acquiesced in a judgment may not have that judgment annulled

pursuant to La. C.C.P. art. 2002. While not directly raised, Convention's opposition and arguments at the trial court level repeatedly pointed to the fact that LMT was an active participant in this litigation and had waited until the "eleventh-hour" to attack the default judgment rendered over three years prior.

An affirmative defense raises a new matter that, assuming the allegations in the petition are true, will defeat a suit on its merits. *Allvend, Inc. v. Payphone Commissions Co., Inc.*, 2000-0661, pp. 5-6 (La. App. 4 Cir. 5/23/01), 804 So. 2d 27, 30 (citations omitted). An illustrative list of affirmative defenses, which includes estoppel, are laid out in La. C.C.P. art. 1005. Acquiescence is a species of estoppel and thus constitutes an affirmative defense. *Arceneaux v. Arceneaux*, 333 So. 2d 306, 309 (La. App. 1st Cir. 1976). An affirmative defense is typically set forth in an answer. La. C.C.P. art. 1003 ("The answer shall . . . set forth all affirmative defenses as required by Article 1005."); *Cookmeyer v. Cookmeyer*, 354 So. 2d 686, 694 (La. App. 4th Cir. 1978) ("It is in an 'answer' that affirmative defenses are required to be pleaded, C.C.P. 1005."). However, an answer is not required in a summary proceeding, so an affirmative defense is not required to be pled during a summary proceeding. *Walker v. State Farm. Mut. Auto. Ins. Co.*, 43, 739, p. 2 (La. App. 2 Cir. 8/13/08), 988 So. 2d 901, 903. Rather, in a summary proceeding, the opposing party need only introduce evidence sufficient to support the defense. *See Crescent Cigarette Vending Corp. v. Toca*, 271 So. 2d 53, 55 (La. App. 4th Cir. 1972) (finding that the party raising an affirmative defense bears the burden of proving it by a preponderance of the evidence); *see also DLJ of Louisiana No. 1 v. Green Thumb, Inc.*, 376 So. 2d 121, 122, n. 9 (La. 1979) (finding that when evidence of an affirmative defense is introduced without objection, the court may act as though the affirmative defense had been pleaded).

Again, in opposition to LMT's motion and at the hearing of the matter, Convention argued that LMT had been an active participant in the underlying litigation. However, arguments of counsel are not evidence. *Daisy v. Plaquemines Parish Gov't*, 2017-0076, p.13 (La. App. 4 Cir. 8/30/17), 226 So. 3d 560, 568. In fact, neither party introduced evidence into the record at the hearing—only argument was offered. Therefore, even though the issue was raised, this Court is without power to consider the issue absent evidence of such in the record. For that reason, we grant LMT's Application for Rehearing and vacate our December 11, 2023 opinion.[1] We now address the merits of LMT's writ application.

**MOTION TO VACATE, ANNUL, AND SET ASIDE JUDGMENT**

LMT asserts that the district court erred as a matter of law in denying its Motion to Vacate, Set Aside, and Annul Judgment. LMT seeks to annul the July 2020 default judgment under La. C.C.P. art. 2002(A)(2). LMT asserts that the default judgment is an absolute nullity because Convention failed to follow the mandatory certification requirements under La. C.C.P. art. 1702.1. In response, Convention argues that its certifications were sufficient and that a nullity action is the proper vehicle to challenge the default judgment.

---

[1] Convention argues that this Court has the authority to raise an issue *sua sponte* if we allow the parties to submit additional briefing. While the jurisprudence cited by Convention involves courts of appeal raising issues not assigned by the parties, the cases do not involve an appellate court raising an affirmative defense. *See Merrill v. Greyhound Lines, Inc.*, 2010-2827 (La. 4/29/11), 60 So. 3d 600; *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477 (La. 10/14/15), 181 So. 3d 656. Furthermore, the cited jurisprudence involved cases where a record had been made through admitted evidence, which did not happen in this case.

### *La. C.C.P. art. 1702.1 and Default Judgments*

La. C.C.P. art. 1702.1, at the time Convention obtained its default judgment,[2] provided that a plaintiff seeking a default judgment without a hearing *shall* include a certification detailing the following: (1) whether the suit is on an open account or a conventional obligation; (2) the fact that the attorney is entitled to attorney's fees under La. R.S. 9:2781 or 2782; and (3) the fact that the number of days required under La. R.S. 9:2781 or 2782 have elapsed since the demand was made upon the defendant. (Emphasis added). Further, the article mandated that the certification *shall* include the type of service made on the defendant, the date of that service, and the date of the preliminary default. *Id.* at (B) (Emphasis added). Finally, the clerk of court was required to provide a certification indicating the record had been examined, the date the record was examined, and no answer or other pleading had been filed by the defendant. *Id.*

In this case, Convention failed to comply with the mandates of article 1702.1. Namely, Convention failed to include in its certification (1) whether the confirmation was sought on an open account or conventional obligation, (2) the number of days that had elapsed since the demand was made on the LMT, (3) the type of service made on LMT, and (4) the date the preliminary default was entered. Additionally, the clerk of court's certification is absent in the record before us. At the hearing on the motion to vacate, counsel for Convention admitted that the clerk's certification was blank. Thus, our analysis must turn to whether these deficiencies give rise to a nullity action.

---

[2] La. C.C.P. arts. 1702 and 1702.1 have since been amended by the legislature. Preliminary defaults are no longer recognized under Louisiana law.

5

### *La. C.C.P. art. 2002 and Nullity Actions*

Whether the failure to comply with article 1702.1 constitutes a vice of form under La. C.C.P. art. 2002 is a question of law we review *de novo*. In reviewing a question of law, we must simply determine whether the trial court correctly applied the law in this case. *See Libertas Tax Fund I, LLC v. Taylor*, 2021-0550, p. 3 (La. App. 4 Cir. 6/16/22), 342 So. 3d 1083, 1086. La. C.C.P. art. 2002(A)(2) provides that "[a] final judgment shall be annulled if it is rendered . . . against a defendant . . . against whom a valid default judgment had not been taken." An action to annul brought pursuant to this article may be brought at any time. *Id*. at (B). La. C.C.P. art. 2002(A)(2) only applies "to technical defects of procedure or form of the judgment." *Nat'l Income Realty Trust v. Paddie*, 1998-2063 (La. 7/2/99), 737 So. 2d 1270, 1271 (citing *Zuviceh v. Rodriguez*, 444 So.2d 767 (La. App. 4th Cir.1984)). The failure of a plaintiff to provide sufficient proof and establish a prima facie case is not a vice of form and, therefore, can only be raised through a motion for new trial or appeal, not a nullity action. *Id*. (citations omitted).

In this case, LMT is seeking to annul the default judgment because Convention did not comply with the requirements under La. C.C.P. art. 1702.1. Therefore, we must determine whether the failure to comply with La. C.C.P. art. 1702.1 constitutes a vice of form. If the failure to comply is a vice of form, then LMT's motion to annul is timely because an action for nullity may be brought at any time and attacked in a summary proceeding. *Sutton v. Adams*, 2019-0795, p. 10 (La. App. 4 Cir. 10/12/22), 351 So. 3d 411, 418. However, if it does not constitute a vice of form, then LMT's sole remedy was to seek a timely appeal.

Convention directs our attention to *Hollander v. Wandell*, wherein the Fifth Circuit found that the requirements of La. C.C.P. art. 1702.1 are substantive, not

procedural, in nature and can only be challenged through a motion for new trial or appeal. 1997-556, p. 4 (La. App. 5 Cir. 11/12/97), 703 So. 2d 742, 745. In *Hollander*, the defendants sought to annul a default judgment that had been rendered against them years prior to their nullity action. *Id.*, at p. 1, 703 So. 2d at 743. On appeal, the Fifth Circuit found that "articles 1702 and 1702.1 elaborate upon the requirement of what constitutes a prima facie case." *Id.* at p. 4, 703 So. 2d at 744. In doing so, the Fifth Circuit held that the mandatory requirements under the articles relate to the establishing of a prima facie case and that the proper procedure to remedy that failure is through a motion for new trial or appeal, not a nullity action. *Id.* at p. 4, 703 So. 2d at 745.

*Hollander* does not reflect the law of the Fourth Circuit. We have previously determined that La. C.C.P. art. 1702.1 contains a procedural element separate from the substantive evidence needed to obtain a default judgment. *Ernest N. Morial New Orleans Exhibition Hall Authority v. New Limits New Limits, LLC*, 2016-0706, p. 8 (La. App. 4 Cir. 4/05/17), 215 So. 3d 974, 978. In *Ernest N. Morial*, the plaintiff had failed to attach the certification required by La. C.C.P. art. 1702.1. *Id.* In reversing the default judgment, we found that La. C.C.P. art. 1702.1 requires "strict compliance with the *procedural* mandate by a party seeking a default judgment." *Id.* (Emphasis added). As such, even if the record contains sufficient proof to establish a prima facie case, the failure to comply with the mandates of La. C.C.P. art. 1702.1 is fatal to the action. *Id.*; *National Collegiate Student Loan Trust 2007-2 v. Kuzma*, 2015-0504, p. 4 (La. App. 4 Cir. 2/17/16), 187 So. 3d 91, 93; *Habitat, Inc. v. Commons Condominiums, L.L.C.,* 2011–1384, p. 11 (La. App. 4 Cir. 7/11/12), 97 So. 3d 1126, 1133.

Further, the Louisiana Supreme Court has also held that the requirements of La. C.C.P. art. 1702.1 are procedural. In *Sessions & Fishman v. Liquid Air Corp.*, the Louisiana Supreme Court found that the enactment of article 1702.1 did not affect the prima facie proof needed to confirm a default. 616 So. 2d 1254, 1260 (La. 1993). Rather, the article "merely provided an additional *procedure* by which plaintiffs or their attorneys [may] confirm a default judgment . . . ." *Id.* (Emphasis in original). The Louisiana Supreme Court reasoned, "It is clear that the legislature did not intend to change the prima facie proof necessary to confirm a default judgment when it provided a *procedure* to authorize its obtainment without a hearing." *Id.* at 1261 (Emphasis added).

In its opposition, Convention asserts that the cases relied on by LMT were cases that involved direct appeals of default judgments, not actions for nullity. However, Convention also acknowledges that the Fourth Circuit has found previously that a deficient certification gave rise to a nullity action. *See American Tempering, Inc. v. Crasto Glass and Mirror Co., Inc.*, 487 So. 2d 116 (La. App. 4th Cir. 1986). In *American Tempering*, the plaintiff had received a default judgment under La. C.C.P. art. 1702.1 but failed to comply with the article's mandates. *Id.* at p. 117. Similar to the case at bar, the plaintiff in *American Tempering* had failed to include an itemized certification that indicated the type and date of service, the date of the preliminary default, and the clerk's certification. *Id.* On appeal, the appellate court found that those deficiencies were fatal to the default judgment and reinstated the defendant's petition for nullity. *Id.*

In light of the above Louisiana Supreme Court and Fourth Circuit jurisprudence, we find that we are bound to reverse the district court's judgment. The jurisprudence provides that the certification under La. C.C.P. art. 1702.1 is

8

separate from the prima facie proof needed to obtain a default judgment. Convention failed to comply with the procedural mandates of La. C.C.P. art. 1702.1, and such a failure constitutes a vice of form because it relates to a technical defect of the procedure. Even if Convention had provided sufficient proof to establish a prima facie case for its claims, these deficiencies are fatal to its default judgment. As such, the district court erred as a matter of law in denying LMT's motion.

## DECREE

For the foregoing reasons, we reverse the district court's October 6, 2023 judgment denying LMT's Motion to Vacate, Set Aside, and Annul Judgment.

**REHEARING GRANTED; DECEMBER 11, 2023 OPINION VACATED; WRIT GRANTED; REVERSED**