Judgment rendered January 15, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,004-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GLORIA ANN BUTLER                     Plaintiff-Appellant

versus

TOWD POINT MASTER                     Defendant-Appellee
FUNDING TRUST 2020-1, US
BANK NATIONAL
ASSOCIATION, AS
INDENTURE TRUSTEE

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2023-050

Honorable Alvin Rue Sharp, Judge

* * * * *

RANKIN, YELDELL, & KATZ P.C.          Counsel for
By: Alex W. Rankin                    Plaintiff-Appellant

GALLOWAY, JOHNSON,                    Counsel for
TOMPKINS, BURR & SMITH                Defendant-Appellee
By: Lindsay M. Young
    Tyler J. Minick

* * * * *

Before STONE, STEPHENS, and HUNTER, JJ.

**HUNTER, J.**

Plaintiff, Gloria Ann Butler, appeals a district court judgment granting an exception of no cause of action in favor of defendants, Towd Point Master Funding Trust 2020-1 and U.S. Bank National Association, as Indenture Trustee, and dismissing her case with prejudice. For the following reasons, we affirm.

## FACTS

Plaintiff, Gloria Ann Butler, and Eddie Don Butler ("the decedent") were married. They separated in 2010 but did not divorce. At some point, the decedent executed a note and mortgage on a manufactured home, which was situated on land located in Morehouse Parish. The land was community property; however, plaintiff did not sign or consent to the mortgage on the manufactured home, and she never lived in the home. The decedent defaulted on the mortgage.

On September 20, 2022, defendants, Towd Point Master Funding Trust 2020-1 and U.S. Bank National Association, as Indenture Trustee (collectively "Towd"), filed a lawsuit for reformation of mortgage, declarative judgment, quiet title, and other relief against plaintiff and the decedent. Plaintiff was served with the petition but did not file any pleadings or answer to the petition. On December 12, 2022, Towd filed a motion for a default judgment; the district court entered a default judgment in favor of Towd. Plaintiff did not seek a new trial, nor did she appeal.

Subsequently, on February 6, 2023, plaintiff filed a petition to annul the judgment of default. Plaintiff alleged the December 2022 judgment was invalid because "the judgment was taken by mail and without any appearance by petitioner nor any witness testimony, or affidavit testimony."

Plaintiff also alleged Towd failed to produce any evidence to support its petition for a default judgment.

In response, Towd filed a peremptory exception of no cause of action. Towd argued La. C.C.P. art. 2002, which allows certain judgments to be annulled, applies only to technical defects of procedure or form of the judgment. Towd also argued the failure to establish a prima facie case is not a vice of form, and the issue should have been raised in a motion for new trial or by appeal, rather than by an action for nullity.

The district court sustained the exception of no cause of action and dismissed plaintiff's action with prejudice, stating:

> \*\*\*
> The Court doesn't resort to equity when the law is clear. Here, in this case, we had a suit filed. We had what appears to be proper service. We had the proper passage of time. A default judgment was secure – ultimately secured. Now, we are basically asking – receiving a request to have it set aside under the discretion for, I will call it, almost social reasons as opposed to legal reasons.
> \*\*\*

Plaintiff appeals.

## DISCUSSION

Plaintiff contends the district court erred in sustaining the exception of no cause of action. She argues prior to sustaining the exception, the district court was required to consider the elements of the claims set forth in her petition and attachments to determine whether the petition stated a claim against Towd upon which a remedy may be granted. According to plaintiff, the court was also required to take the well-pleaded facts as true and resolve any doubts or reasonable inferences in favor of the plaintiff; however, the district court summarily sustained the exception without analyzing plaintiff's

2

pleadings, accepting the facts pled as true, or rendering all reasonable inferences in favor of plaintiff.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So. 2d 114. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Ramey*, *supra*. All doubts are resolved in favor of the sufficiency of the petition to afford litigants their day in court. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876. The issue at the trial of the exception of no cause of action is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Ramey*, *supra*.

An appellate court's review of a trial court's ruling sustaining or denying an exception of no cause of action is *de novo* because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Grayson v. Gulledge*, 55,214 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1133, *writ denied*, 23-01437 (La. 1/10/24), 376 So. 3d 847.

The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006. La. C.C.P. art. 2001. A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken. La. C.C.P. art. 2002(A)(2).

3

It is well settled La. C.C.P. art 2002 applies only to technical defects of procedure or form of the judgment. *Nat'l Income Realty Tr. v. Paddie*, 98-2063 (La. 7/2/99). The failure to establish the prima facie case required by La. C.C.P. art. 1702 is not a vice of form. *Id.*, citing *Hollander v. Wandell*, 97-556 (La. App. 5 Cir. 11/12/97), 703 So. 2d 742; *State v. One 1990 GMC Sierra Classic Truck*, 94-0639 (La. App. 4 Cir.11/30/94), 646 So. 2d 492, *writ denied*, 94-3171 (La. 2/17/95), 650 So. 2d 254. A failure of proof must be raised in a motion for new trial or by appeal, not by an action for nullity. *Nat'l Income Realty Tr. v. Paddie*, *supra*, citing Frank L. Maraist and Harry T. Lemmon, Civil Procedure, 1 *La. Civ. L. Treatise*, § 12.6 (1999).

In *Nat'l Income Realty Tr. v. Paddie*, *supra*, a tenant filed a lawsuit alleging she sustained injuries in a fall at an apartment complex. The tenant named various defendants, who she alleged were "owners and/or agents and/or managers for the owners." One of the defendants, CCIT, was a real estate investment trust located in the State of California. CCIT was served but did not file an answer or responsive pleading. Subsequently, the district court entered a default judgment against CCIT in the amount of $250,000, plus legal interest and costs. CCIT did not seek a new trial or appeal. More than one year later, NIRT, CCIT's successor, filed a lawsuit seeking to nullify the default judgment. Like the plaintiff herein, NIRT argued the default judgment was an absolute nullity because the plaintiff "presented no evidence at the default confirmation hearing to show NIRT owned, operated, or managed the apartment complex or otherwise owed any delictual duty to her." The district court dismissed the petition to annul, and the court of

appeal reversed. The Louisiana Supreme Court reversed the court of appeal's ruling and reinstated the district court's judgment, stating:

> In the instant case, it is clear NIRT has not asserted any defect in the procedure or form of the default judgment. Rather, NIRT's sole contention is that Ms. Paddie failed to present sufficient evidence under La. Code Civ. P. art. 1702 to support her contention that CCIT owned the apartment building. This claim may be properly raised by timely motion for new trial or by appeal, but is not a ground for an action in nullity.
>
> Such an interpretation is necessary to preserve the sanctity of judgments. Under NIRT's theory, any default judgment, though procedurally proper on its face, could be attacked at any time, based on the failure to present sufficient proof. The resulting uncertainty would make it virtually impossible to rely on a final judgment obtained by default. This is why the law wisely allows such defects to be raised only by motion for new trial or on appeal.

*Id.*, at 1271-72 (footnotes omitted).

In the instant case, plaintiff has not asserted any defect in the procedure or form of the default judgment. Plaintiff argues she was entitled to an annulment of the default judgment it was rendered "against a defendant . . . whom a valid default judgment has not been taken." Plaintiff also asserts Towd obtained a default judgment without presenting any evidence. Plaintiff's claim may be properly raised by timely motion for new trial or by appeal, but is not a ground for an action in nullity. Accordingly, we find the district court did not err in granting Towd's exception of no cause of action and dismissing plaintiff's claims.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court sustaining the exception of no cause of action and dismissing plaintiff's petition is affirmed. Costs of the appeal are assessed to plaintiff, Gloria Ann Butler.

5

**AFFIRMED.**